DONAHOO (UNITED STATES v.). See Case No. 14,982.

DONAHUE, In re. See Case No. 3,979.

7 FED. CAS.—56

## Case No. 3,981.
### Ex parte DONALDSON.

[1 N. B. R. 181;[1] 6 Phila. 443; 7 Am. Law Reg. (N. S.) 213; 1 Am. Law T. Rep. Bankr. 5; Bankr. Reg. Supp. 39; 24 Leg. Int. 380; 6 Int. Rev. Rec. 199; 15 Pittsb. Leg. J. 125.]

District Court, E. D. Pennsylvania. 1867.

BANKRUPTCY — ENFORCEMENT OF LIENS IN STATE COURTS—INJUNCTION.

1. An unimpeached creditor's lien having before the commencement of voluntary proceedings in bankruptcy, attached upon part of bankrupt's estate, no consideration of probable sacrifice of the subject of the lien under judicial proceedings for its enforcement in a state court, will induce a court of the United States to restrain, delay, or hinder the creditor from prosecuting them.

2. No equity of the general body of the bankrupt's creditors can be asserted for their common, equal benefit, on the mere ground of doubtfulness of his title to the subject of his lien and the danger of consequent sacrifice at a forced sale.

3. Quaere, whether such an equity can be asserted on their behalf in any case without such a payment of his demand as may substitute the assignee in bankruptcy for him as to the lien.

[4. Cited in Re Muller, Case No. 9,912, to the point that the provision in the judiciary act of 1793 (1 Stat. 73) forbidding an injunction to be granted in a suit in equity without notice to the adverse party does not apply to proceedings in the district court under the bankrupt law (14 Stat. 522)].

A petition is this day presented by a voluntary bankrupt whose original petition for adjudication and relief was filed on the 6th of the present month. He was adjudged a bankrupt by the register on the 12th, when a warrant was issued appointing the first meeting of creditors for 16th of September next. The present petition referring to a judgment obtained in April last under adversary proceedings against the petitioner, and to an execution under it, asserts that real estate already sold by the sheriff under this excution is alleged by the plaintiff to be the petitioner's, but is denied by the petitioner to be his property. Having been advised that should it ultimately be determined to be his property, it "should go to the benefit of all his creditors in bankruptcy," he presents this petition. The sheriff's deed of conveyance had not been acknowledged. The prayer is for an injunction to restrain the plaintiff from proceeding further on the judgment and execution, "and from having the deed for said property acknowledged by the sheriff." The petition does not expressly state that the plaintiff is the purchaser.

Mr. Parsons, for petitioner, urged the hardship of permitting such a sale, under a doubtful title, to be made, as it must inevitably be at a sacrifice. He submitted to the court the question whether it would not be proper to interfere for the protection of the general body of the creditors. He referred

to the Case of Reed [Case No. 11,637], a bankrupt, on whose petition Judge Blatchford, in the district court of the southern district of New York, had, by injunction, restrained a plaintiff in a judgment and execution against the bankrupt in the supreme court of New York from proceeding with an examination of him as a judgment debtor in that court under a law of the state.

CADWALADER, District Judge. The case before Judge Blatchford which has been cited, has no apparent applicability. There was no question of an existing lien of whose fruits the creditors, holding it, were to be deprived. Here the equity of the general body of the creditors might be to require the proceedings, against the land in question, to be for common benefit subject to the lien of the judgment creditor. But in asserting this equity, the general creditors must not frustrate the right of the judgment creditor to his lien. If there was any probability of a proceeding for common benefit at the suit, either of the future assignee or of a provisional assignee, to establish the title of the bankrupt's general creditors to the land subject to the judgment creditor's lien, I might, under some circumstances, restrain him from selling, in the mean time, at a sacrifice under his execution. This would be a jurisdiction to exercise with great caution; and might, in some cases perhaps, be exercisable under a bill in equity in aid of the proceedings in bankruptcy rather than under these proceedings themselves. The case may stand over for further consideration. In the mean time, if reason be shown, I may appoint a receiver to act as provisional assignee until the complete qualification of an assignee under the provisions of the act of congress [of 1867 (14 Stat. 522)]. Such an assignee could inform himself as to the true interests of the general body of creditors. If a mode can be suggested of promoting their interests, without other injury to the judgment creditor than mere delay until a decision upon the title of the bankrupt, an injunction might possibly be proper. But under what circumstances this might thus be proper, cannot be suggested beforehand.

The foregoing opinion having been filed, the judge added:

My last remarks are made only because I do not wish to preclude further argument if it should be desired. At present, I do not see how I can possibly interfere unless upon an offer on the part of the general creditors to make such payment of the judgment creditor's demand as may substitute the assignee in bankruptcy for him as to the lien of the judgment; nor how even this can be done after an actual sale by the sheriff, though the purchaser's title may not have been consummated. I do not pause to consider whether the bankrupt is the party who should have presented the petition if it were otherwise a proper one. Perhaps before assignment, it may, under this act of congress, be necessary in some cases to allow him to make certain applications which, after assignment, would be more proper on the part of the assignee.

The matter was not afterwards moved.